IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 5, 2000 Session

## MICHAEL DAWN FRISBEY v. DOROTHY MARIE FRISBEY

**Appeal from the Circuit Court for Rutherford County**
**No. 39025     Robert E. Corlew, Judge**

---

**No. M1999-00717-COA-R3-CV - Filed March 28, 2001**

---

In this divorce case, Husband appeals the trial court's decree as it pertains to the division of marital property. The trial court determined that appreciation of Husband's pre-marriage retirement and investment accounts was marital property and made its division of marital assets based on the inclusion of this increase. The trial court also included a $33,000 check, which Husband received from a pre-marriage investment, in the marital assets. Husband alleges that the inclusion of the appreciation in his retirement and investment accounts, as well as the inclusion of the $33,000 partnership check, in the marital estate resulted an inequitable division of marital property. We agree with Husband on this issue and modify the trial court's ruling accordingly.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed as Modified**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR. and PATRICIA J. COTTRELL, JJ., joined.

David W. Garrett, Nashville, Tennessee, for the appellant, Michael Dawn Frisbey.

R. Eddie Davidson, Nashville, Tennessee, for the appellee, Dorothy Marie Frisbey.

## OPINION

### I. Facts

Plaintiff/Appellant, Michael Dawn Frisbey ('Husband'), and Defendant/Appellee, Dorothy Marie Frisbey ('Wife'), were married on 11 February 1995 and filed for divorce on 1 October 1997.

At the time of their marriage, Wife owned a house and worked making approximately $23,000 per year. She also fulfilled her duties as wife and mother to her children by a prior marriage during the marriage and paid all the family's expenses for a short period of time at the beginning of

the marriage when Husband was not working. Husband came into the marriage with a significant amount of assets in the form of investments and retirement accounts, and he earned approximately $70,000 per year. He was primarily responsible for handling the couple's finances and payed the overwhelming majority of the couple's expenses.

During the marriage, the couple purchased a new home. Husband contributed $36,000 toward the purchase of this house, and Wife contributed approximately $3,000. The former home was kept as rental property for a period of time, and ultimately sold.

During the course of the marriage, Husband invested $2,500 in his pre-marriage retirement account and made no additional contributions to his other investments. However, he set up a retirement account for Wife to which she invested 25% of her salary during the marriage. That account was worth about $9,000 at the time of divorce.

After the parties separated Husband received a check from one of his investments in an amount just over $33,000. He claimed that this was just the return of part of a $50,000 investment made prior to the marriage and was not marital property. Husband argued that the investments made prior to the divorce were separate property; thus, these accounts should not be included in any computation of marital property.

The judge included as marital property the $33,581 check from the pre-marriage investment and held that the appreciation of Husband's pre-marriage investments and retirement accounts during the marriage was also marital property. The court found that a $93,124.06 increase in the value of Husband's separate property occurred during the marriage and awarded Wife approximately $26,500 as her share of this increase, plus an additional $8,500 as her share of the equity in the marital home. He also awarded her the $26,000 equity in the home owned by Wife prior to the marriage, $14,215 worth of marital personal property and her $9,000 IRA. Husband was awarded $36,500 of the $45,000 equity in the marital home and $3,225 worth of marital personal property, but was required to pay $26,500 to Wife as her share of the increase in his retirement accounts and $8,500 for her portion of the equity in the marital home.[1] He was awarded none of the equity in Wife's home and none of Wife's IRA.

## II. Classification of Property

The primary issue presented for appeal is whether or not the appreciation of, and income from, Husband's retirement and investment accounts should be considered marital property. To provide an answer, we must look separately at the two types of investments Husband brought into the marriage.

---

[1]Husband was required to pay a total of $35,000 in cash to Wife to compensate her for her portion of the non-liquid assets.

The first type would be general investments not specifically classified as retirement accounts. The three general investments can be identified: (1) an account with Marine Midland Securities, Inc.; (2) the Stonebridge Partnership; and (3) Janus Funds. The Marine Midland account is a brokerage account which holds several different types of investments, such as stocks, mutual funds and bonds, for an investor. The Stonebridge Partnership is a partnership of several men organized for the purpose of buying and selling other businesses. Janus Funds are mutual funds purchased by Husband. All three of these investments were made prior to the marriage, with no contribution being made during the time of the marriage. Thus, it is undisputed that these investments are Husband's separate property.

Wife alleged there was a significant increase in the value of these investments during the marriage and classified this increase as marital property. The judge agreed with Wife, finding any increase in these investments to be marital property. In addition to the increase in value of these investments, Husband received a $33,581 check from the Stonebridge Partnership. Wife categorized this check as a dividend and alleged that it, too, constituted marital property. The judge also agreed with Wife in this matter.

Under Tennessee Code Annotated Section 36-4-121, marital property includes the "income from, and any increase in value during the marriage of, property determined to be separate property . . . if each party substantially contributed to its preservation and appreciation." Tenn. Code Ann. § 36-4-121(b)(1)(B)(Supp. 2000). "However, the spouse must have made a substantial contribution to the increase before it is subject to division as marital property." *Cohen v. Cohen*, 937 S.W.2d 823, 833 (Tenn. 1996). Further, the burden is on the party alleging that property is marital to prove such an allegation. "Property should not be included in the marital estate unless a party can prove that it is marital property as defined in Tenn. Code Ann. § 36-4-121(b)(1)(A). Separate property cannot, by definition, be included in the marital estate." *Kinard v. Kinard*, 986 S.W.2d 220, 232 (Tenn.Ct.App. 1998).

In this situation, Husband took no money out of the marital assets to make any additional contributions to, or in any way preserve, these investments. Although Husband was unemployed at the time of their marriage, he started a new position the week after the parties' honeymoon and, from that time forward, paid the overwhelming majority of the parties' debts. Wife worked outside the home and maintained primary responsibility for taking care of the household, but the parties had no children between them, and these household responsibilities revolved primarily around her two children by a prior marriage.

With regard to financial contributions made by the parties, Husband grossed around $4,700 per month (after subtracting obligations from his prior marriage) plus periodic additional monies received from his investments. Wife grossed approximately $2,000 per month, less 25% of her salary which was invested in her IRA. Further, the parties kept two separate checking accounts and Husband took care of the overwhelming majority of the couple's bills out of his checking account. There was no evidence of Wife's contribution as financial manager and there was virtually no testimony regarding Wife's contributions as a homemaker other than, "I took care of the home; I

took care of the children. We had my parents over for dinner; we had his parents to come over and visit with us; his daughter came from time to time to visit with us on a pretty regular basis, probably a monthly basis."

Based on the evidence presented, we see virtually no evidence of Wife's substantial contribution to the preservation and appreciation of the investments that are Husband's separate property. As such, the increase in value of Husband's separate investment property during the marriage is not marital property.

The $33,000 check we also find to be Husband's separate property. The Stonebridge Partnership, as a pre-marriage investment, is obviously his separate property. Income from this investment is also separate property, as Wife showed no substantial contribution to its preservation or appreciation. *See* Tenn. Code Ann. § 36-4-121(b)(2)(C)(Supp. 2000).

With regard to retirement accounts, Husband had two: a 401K created in the late 1980's and an IRA created in the 1970's.

The Trench 401K was funded by Husband's employer prior to his marriage. Husband ceased employment with that employer prior to the marriage. No contributions were made to this retirement account during the marriage, and while the parties were married, Husband was no longer employed by the employer that funded the Trench 401K plan and had no other employer funded retirement benefits. Husband contributed $2,500 to his IRA, but this $2,500 was the only amount contributed out of Husband's income toward his retirement during the marriage. He did set up an IRA for his wife and agreed to her contributing approximately 25% of her salary to fund her retirement. At the time of trial, Wife's IRA totaled around $9,000.

The rules for classifying and distributing retirement benefits are different from those of other investments and personal property. This Court dealt with problems associated with classifying and dividing retirement benefits in 1994 in the case of *Kendrick v. Kendrick*, 902 S.W.2d 918 (Tenn.Ct.App. 1994).

> Any procedure used to value and distribute pension rights must be consistent with Tenn. Code Ann. § 36-4-121. This court has recognized four principles to assist in the process. First, pension rights accrued during a marriage will be classified as marital property even though the non-employee spouse did not make direct contributions to the increase in the pension's value. Second, only pension rights accruing during the marriage will be considered martial property. Third, the difficulty in valuing pension rights has no bearing on the classification of the pension as marital property. Fourth, the pension rights must be valued as of a date as near as possible to the final divorce hearing date.

*Kendrick*, 902 S.W.2d at 926-7.

The Tennessee Supreme Court adopted the reasoning of *Kendrick* in 1996. *See Cohen v. Cohen*, 937 S.W.2d 823 (Tenn. 1996). In the *Cohen* case, the Tennessee Supreme Court held that husband's unvested retirement benefits were marital property and went on to reiterate *Kendrick's* holding that "only the portion of retirement benefits accrued during the marriage are marital property subject to equitable division," regardless of whether the non-employee spouse contributed to their increase in value. *Cohen*, 937 S.W.2d at 830. The court reasoned that retirement benefits were important assets in that:

> [m]any married couples consider these benefits as substitutes for savings or investments. . . . A spouse who is primarily a homemaker would be seriously disadvantaged by the inability to claim a portion of the retirement benefits that accrued during the course of the marriage. Even when both spouses are publicly employed and have accrued retirement benefits, the spouse who has devoted more time to homemaking and child-rearing will frequently have greatly reduced benefits.

*Id.*

Such is not the situation with the Frisbeys. In the case at bar, the only benefits which accrued during the marriage were approximately $9,000 contributed to Wife's retirement and the $2,500 contributed to Husband's IRA. Thus, Wife accrued more retirement benefits during the marriage than Husband did. Wife's entire retirement account is marital property, as is a small portion of Husband's IRA.[2] As no part of the Trench 401K account accrued during the marriage, none of this retirement account or its increase is marital property.

The parties stipulated as to what personal property was marital and what was non-marital. The only issues regarding personal property to be determined by the court were the value placed on each piece of property and division of the items. The court valued and divided the marital personal property as follows:

ITEMS TO WIFE

| | | |
|---|---|---|
| Jamestown Cherry Bedroom Suite | $ | 5,000.00 |
| 2 Crystal Lights | $ | 500.00 |
| 2 framed prints | $ | 200.00 |
| ATT phone and answering machine | $ | 60.00 |
| Caller ID | $ | 20.00 |

---

[2]At the time of the marriage Husband's IRA contained around $13,500. At some point over the course of the 1997 and 1998 years, Husband contributed approximately $2,500 to this IRA. The dates of contribution are not given. The last date provided in the record for valuation of this IRA showed its value at approximately $29,500. Rather than remanding this issue back to the trial court to determine what percentage of Husband's IRA is marital property, we will affirm the court's award of Wife's IRA to her and Husband's IRA to him, as we have determined that the final award of marital property to the parties is more equitable than remanding for further proceedings.

| | | |
|---|---|---|
| Comforter Set and Pillows | $ | 200.00 |
| ½ of towels, sheets, linens, hanging light | $ | 300.00 |
| 2 glass & iron tables | $ | 550.00 |
| Haverty's silk flower arrangement | $ | 150.00 |
| TV and VCR | $ | 450.00 |
| China 12 place setting | $ | 1,200.00 |
| Serving pieces | $ | 400.00 |
| Riviere Cookware | $ | 200.00 |
| Glassware/cooking | no value given | |
| Sears washer/dryer | $ | 800.00 |
| Dickens Village pieces | $ | 2,000.00 |
| Christmas decorations | no value given | |
| wood/iron daybed (Rachel's) | $ | 500.00 |
| Entertainment center/cabinet (Rachel's) | $ | 1,800.00 |
| Framed print | $ | 200.00 |
| 3 Bradford collection plates | $ | 135.00 |
| house plants/pots/ | no value given | |
| Antique gold mirror | $ | 350.00 |
| Kitchen table/chairs | $ | 1,200.00 |

ITEMS TO HUSBAND

| | | |
|---|---|---|
| Assorted photo frames/albums & books | no value given | |
| Patio Furniture | $ | 700.00 |
| 1987 fishing boat | $ | 2,000.00 |
| Oriental rug | $ | 150.00 |
| Flower Arrangement by Norma | $ | 90.00 |
| Blower/mulcher | $ | 60.00 |
| Framed print in kitchen | $ | 225.00 |
| Sampson (dog) | no value given | |
| Automatic garage door opener | no value given | |
| Large dictionaries and thesaurus | no value given | |

The parties do not dispute the values assigned by the Judge to the items of personal property.

During the marriage, the parties owned two pieces of real property. At the time of the marriage, Wife owned a home located on Stewart's Creek which was purchased approximately 15 months prior to the marriage. The parties resided in the Stewart's Creek home for approximately 21 months during their marriage and continued to own this home for another 12 months after moving to a new residence. Exhibits at trial contained 21 checks written by Husband to document payments of the home mortgage on the Stewart's Creek home. In addition, Husband also took out a loan to make improvements on the Stewart's Creek property for which he paid approximately $3,800. Even though this property is Wife's separate property, there is overwhelming evidence that Husband

contributed to its preservation and any increase in value. The court determined that the parties had approximately $26,000 of equity in the Stewart's Creek property. This equity is marital property.

In October of 1996 the parties moved into a new home on St. Francis. Husband contributed approximately $36,000 out of his individual investments towards the purchase of this property. He also contributed an additional $1,100 and $3,000 for further improvements after purchase of the home. Wife contributed somewhere between $3,000 and $5,000 towards the purchase and improvements of the St. Francis home. These amounts represent individual property converted into marital property through purchase of the marital home; the parties' separate property has been transmuted such that the resulting property is marital. *See Stafford v. Stafford*, No. 01A01-9804-CV-00174, 1999 WL 79368 * 1 (Tenn.Ct.App. Feb. 19, 1999). As such, the resulting equity in the property, found by the trial court to be $45,000, is marital property.

On final tally, the following property is determined to be marital property: equity in the St. Francis home of approximately $45,000, equity in the Stewart's Creek home of approximately $26,000, some portion of Husband's IRA resulting from the contribution of $2,500 during the marriage, the Wife's entire IRA of approximately $9,000, items of personal property stipulated by the parties totaling $17,440 as determined by the trial judge.

### III. Division of Marital Property

The court awarded the following to the parties:

<u>Husband</u>

| | | |
|---|---|---|
| equity in St. Francis Property | $ | 36,500 |
| items of personal property | $ | 3,225 |
| the marital portion of Husband's IRA | $ | 2,500 (the exact amount was not determined by the trial court but we know that at least $2,500 was contributed during the marriage.) |
| Total marital property awarded to Husband | $ | 42,225 |

<u>Wife</u>

| | | |
|---|---|---|
| proceeds from sale of Stewart's Creek property | $ | 26,000 |
| items of personal property | $ | 14,215 |
| Wife's IRA | $ | 9,000 |

additional monies awarded for equity in
St. Francis Avenue house and appreciation
of Husband's investment and retirement
accounts                           $        <u>35,000</u>

Total amount awarded to Wife      $        85,215

> Dividing a marital estate is not a mechanical process but rather is guided by considering the factors in Tenn. Code Ann. § 36-4-121(c). Trial judges have wide latitude in fashioning an equitable division of marital property and appellate courts accord great weight to a trial judge's division of marital property. Thus, we will ordinarily defer to the trial judge's decision unless it is inconsistent with the factors in Tenn. Code Ann. § 36-4-121(c) or is not supported by a preponderance of the evidence.

*Kinard*, 986 S.W.2d at 230-1 (citations omitted).

However, it is an established principle of marital property division that an equitable property division is not necessarily an equal one.

> Tenn. Code Ann. § 36-4-121(c)(1) permits trial courts to consider the duration of the marriage. In cases involving a marriage of relatively short duration, it is appropriate to divide the property in a way that, as nearly as possible, places the parties in the same position they would have been in had the marriage never taken place.
>
> When relatively short marriages are involved, each spouse's contributions to the accumulation of assets during the marriage is an important factor. When a marriage is short, the significance and value of a spouse's non-monetary contributions is diminished, . . .
>
> [M]arital property need not be divided equally and [] the parties should, in large measure, be restored to their pre-marriage financial condition.

*Batson v. Batson*, 769 S.W.2d 849, 859 (Tenn. Ct. App. 1998).

In the *Batson* case, the parties had been married for seven years and the court determined this marriage to be one of relatively short duration. In the case at bar, the parties filed for divorce after approximately 32 months of marriage, although the divorce was not granted for another 15 months. The parties were married for just under four years. In addition to the short duration of marriage, the parties had a large disparity of income levels and assets brought into the marriage.

In making awards to the parties in its final distribution of property, the trial court mis-classified several assets and failed to classify others. When items are reclassified, and the overall

distribution is compared with the factors set out for consideration in section 36-4-121(c) of the Code, we find that the evidence preponderates against the division of assets as determined by the trial court in that the proof is not sufficient to justify a $35,000 award to Wife in addition to the other property awarded to her. As such, the $35,000 cash award is vacated. Husband is, thus, awarded the entire $45,000 equity in the marital home and allowed to keep all of his investment and retirement accounts as his separate property, including any appreciation in value or income therefrom. Evidence does not preponderate against the rest of the trial court's division of marital property, as both parties will receive a relatively equal distribution of marital assets. As modified herein, the judgment of the trial court is affirmed. Costs of appeal are assessed equally to the parties.

_____
WILLIAM B. CAIN, JUDGE